**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **BRIAN SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:25-cv-03363-MDH** |
| | ) | |
| **JUSTIN LEE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are Defendants Justin Lee, Justin Thorn, John Taylor, Kelly Patton, Paul Williams and the City of Springfield, Missouri's (collectively "Defendants") Motion to Dismiss.[1] (Doc. 11). Defendants filed Suggestions in Support (Doc. 12) and Plaintiff filed Suggestions in Opposition. (Doc. 13). The Defendants have failed to file a reply and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This action arises out of an alleged altercation and subsequent arrest of Plaintiff at the Drunken Monkey Bar and Grill ("Drunken Monkey") in Springfield, Missouri. Plaintiff Brian Smith is a resident of Greene County, Missouri and the owner of the Drunken Monkey. Defendants Justin Lee, Justin Thorn, John Taylor, and Kelly Patton were all Springfield Missouri Police Department ("SPD") officers acting under color of state law. Defendant Paul Williams was the

---

[1] The Plaintiff does not specify within his First Amended Complaint whether Defendants Lee, Thorn, Taylor, Patton, and Williams are sued in their individual capacity, official capacity or both. For the purpose of this motion, the Court will construe Plaintiff's First Amended Complaint to be filed against Defendants Lee, Thorn, Taylor, Patton, and Williams in both their individual and official capacity.

1

Springfield Police Chief responsible for training, supervision, and policy enforcement. Defendant City of Springfield, Missouri is a municipal corporation.

Plaintiff alleges that on February 26, 2022, patron Daniel Lusk became aggressive and charged Plaintiff. Plaintiff asserts he struck Mr. Lusk in lawful self-defense. Plaintiff further states that a companion of Mr. Lusk attempted to attack Plaintiff with a cue ball; however, staff intervened. Plaintiff alleges that SPD officers arrived but did not investigate, instead punching kneeing and tasing Plaintiff. Plaintiff states he was restrained and arrested despite posing no threat and committing no crime. Plaintiff then alleges that SPD officers fabricated reports claiming Plaintiff assaulted Mr. Lusk without justification. Plaintiff states Defendant Patton rewrote the probable cause affidavit, added false statements, sore to unverified facts, and failed to review body camera footage. Plaintiff alleges that Defendant Patton contacted licensing authorities, leading to suspension of Plaintiff's liquor license. Plaintiff states that the criminal charges were ultimately dismissed for lack of probable cause and that he suffered physical injury, emotional distress, reputational and financial harm due to the actions of Defendants.

Plaintiff's First Amended Complaint ("Complaint") alleges nine counts: Count I - Excessive Force against all Defendants; Count II - False Arrest / Unlawful Seizure against all Defendants; Count III - Malicious Prosecution against Defendant Patton; Count IV - Fourteenth Amendment Due Process Violations against Defendant Patton; Count V - *Monell* Liability against Defendant City of Springfield; Count VI - Assault and Battery against all Defendants; Count VII - False Imprisonment against all Defendants; Count VIII - Malicious Prosecution under Missouri law against all Defendants; and Count IX - Intentional Infliction of Emotional Distress against all Defendants.

Defendants bring their current motion arguing that Plaintiff has not alleged sufficient facts to support claims of excessive force, false arrest or unlawful seizure, malicious prosecution, violation of due process, violation of constitutional rights, assault and battery, false imprisonment, intentional infliction of emotional distress, or any other tort. Defendants further argue Plaintiff has failed to allege that Defendants are not entitled to sovereign or official immunity or the protections of the public duty doctrine. Lastly, Defendants argue that Plaintiff has not alleged sufficient facts to support a failure to train or failure to supervise theory of liability.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I.      Sovereign Immunity

The Defendants argue that sovereign immunity bars Plaintiff's Counts VI, VII, VIII and IX against Defendant City of Springfield and the Defendants sued in their official capacities. The Defendants assert that it is the Plaintiff's burden to establish that sovereign immunity has been waived. The Defendants argue that the Plaintiff has not pled any facts showing a waiver of sovereign immunity. Thus, the Defendants argue that sovereign immunity bars Plaintiff's tort claims against the City of Springfield and Defendants sued in their official capacities under state law. The Plaintiff argues the existence of any waiver—including through insurance or statutory exceptions—presents factual issues that cannot be resolved on the pleadings alone. The Plaintiff further argues that his claims include intentional torts and constitutional violations that are not categorically barred in the manner Defendants suggest.

Sovereign immunity precludes suit against the government without its consent, and "in the absence of an express statutory exception to sovereign immunity, or a recognized common law exception such as the propriety function and consent exceptions, sovereign immunity is the rule and applies to all suits against public entities." *Church v. Missouri*, 913 F.3d 736, 743 (8th Cir. 2019) (quoting *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 914 (Mo. banc 2016)). A party pleading an exception to sovereign immunity must prove "the existence of an insurance policy and that the terms of the policy cover the plaintiff's claims." *Jiang v. Porter*, 156 F. Supp. 3d 996, 1007 (E.D. Mo. 2015) (citing *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. Ct. App. 2008))."Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity." *Id.* (citing *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003)).

Taking the allegations as true for the purposes of amotion to dismiss, the Plaintiff has failed to state a claim upon which relief can be granted as to Count VI - Assault and Battery; Count VII - False Imprisonment; Count VIII - Malicious Prosecution; and Count IX - Intentional Infliction of Emotional Distress. Plaintiff's Complaint is devoid of any specific facts suggesting that the City of Springfield falls under one of the statutory exceptions, permitting Plaintiff to bring suit against the municipality for an intentional tort. *See Missouri Pub. Entity Risk Mgmt.. Fund. v. Invs. Ins. Co. of Am.*, 338 F.Supp.2d 1046, 1051 (W.D. Mo. 2004), *aff'd*, 451 F.3d 925 (8th Cir. 2006). As the Plaintiff has failed to plead any facts demonstrating that the claim is within an exception to sovereign immunity, the Court will grant the Defendants' Motion to Dismiss Counts VI, VII, VIII and IX of Plaintiff's Complaint. For the reasons stated, Defendants' Motion to Dismiss Counts VI, VII, VIII and IX based on sovereign immunity as to Defendant City of Springfield, Missouri and Defendants Lee, Thorn, Taylor, Patton and Williams in their official capacities are **GRANTED**.

## II. Personal Involvement of Individual Defendants

The Defendants argue that Plaintiff fails to allege personal involvement of individual Defendants in Counts I, II, VI, VII, VIII, and IX of Plaintiff's Complaint.[2] The Defendants argue that in Counts I, II, VI, VII, VIII, and IX, the Defendants are referred to collectively, with no clarity as to which Defendants are responsible for which acts. The Defendants assert that the lack of individualized allegations makes it impossible for individual defendants to raise defenses such as qualified immunity, which examines their own individual conduct in light of clearly established law. The Defendants further argue that Plaintiff's manner of group pleading fails to meet the minimum pleading standards required by Federal Rule of Civil Procedure 8.

---

[2] The Court having dismissed Counts VI, VII, VIII and IX as to Defendant City of Springfield, Missouri and Defendants Lee, Thorn, Taylor, Patton and Williams in their official capacities will refrain from reanalyzing this argument as it pertains to the City of Springfield, Missouri and those individual Defendants in their official capacities.

The Plaintiff argues that the allegations in the Complaint describe a coordinated use of force by multiple officers during a single encounter. The Plaintiff asserts that at the pleading stage, which the precise allocation of each officer's actions is uniquely within the Defendants' knowledge, such allegations are sufficient to establish personal involvement. The Court acknowledges the difficulty plaintiffs may face in accessing the information to specific assignable actions to each individual officer at the pleading stage.

Federal Rule of Civil Procedure 8 governs the general rules of pleading in federal court. Specifically, Federal Rule of Civil Procedure 8(a) states:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). Federal Rule of Civil Procedure 8(e) also states that "[p]leadings must be construed so as to do justice."

Although the Defendants are correct that Plaintiff fails to detail with particularity the specific actions of each individual Defendant, the Plaintiff has met the requirements as imposed by Federal Rule of Civil Procedure 8(a). As this case proceeds through discovery, the Plaintiff will have an opportunity to gather information and vet what, if any, conduct of the specific individual Defendants support the claim articulated within his various counts. The Plaintiff may then request leave to file an amended complaint to better specify his claims against each specific Defendant. The Court will note that for the Plaintiff to ultimately succeed at the dispositive motion stage or at

6

trial he will need more than just conclusory group allegations, but at this stage of the litigation it is not a defect that will bar his claims. For the reasons stated, the Defendants' Motion to Dismiss Counts I, II, VI, VII, VIII, and IX of Plaintiff's Complaint based on personal involvement is **DENIED**.

### III. Failure to State a Claim

#### A. Count III - Malicious Prosecution

The Defendants argue that Plaintiff has failed to plead any of the elements necessary to succeed on a malicious prosecution claim under 42 U.S.C. § 1983. The Defendants assert that while Plaintiff makes conclusory allegations of false statements and/or fabricated evidence, the Plaintiff does not actually allege that charges lacking probable cause were instituted against him, does not allege that he was seized as a result of such charges, and does not allege any such charges resulted in a favorable determination.

The Plaintiff argues that the Complaint alleges that Defendant Patton initiated criminal proceedings based on fabricated facts, that Plaintiff was subjected to seizure as a result, and that the charges were ultimately dismissed for lack of probable cause. The Plaintiff asserts that these allegations track the elements of a 42 U.S.C. § 1983 malicious prosecution claim, including favorable termination.

To assert a malicious prosecution claim under 42 U.S.C. § 1983 the Plaintiff "must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Lawshea v. City of St. Louis*, No. 4:25-CV-470-ZMB, 2026 WL 809547, at *4 (E.D. Mo. Mar. 24, 2026) (quoting *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024)). The Eighth Circuit has noted that "[p]robable cause exists under the Fourth Amendment when a police officer has reasonably trustworthy information that is sufficient to lead a person of reasonable

7

caution to believe that the suspect has committed or is committing a crime." *Klein v. Steinkamp*, 44 F.4th 1111, 1115 (8th Cir. 2022) (quotation omitted).

Taking the allegations as true for the purposes of a motion to dismiss, the Plaintiff has raised a right to relief above a speculative level as to Count III - Malicious Prosecution. Plaintiff's Complaint alleges that:

> Plaintiff was restrained and arrested despite posing no threat and committing no crime. Officers fabricated reports claiming Plaintiff assaulted Lusk without justification. Detective Patton rewrote the probable cause affidavit, added false statements, swore to unverified facts, and failed to review body camera footage. The criminal charges were ultimately dismissed for lack of probable cause.

(Complaint ¶¶ 12-14, and 17). The Plaintiff further alleges that Defendant Patton initiated the criminal proceedings against Plaintiff. (Complaint ¶ 34). At this stage of the litigation the Plaintiff has alleged facts that, taken as true, would show that a government official arrested the Plaintiff without probable cause leading to an unreasonable seizure of his person. For the reasons stated, the Defendants' Motion to Dismiss Count III - Malicious Prosecution is **DENIED**.

### B. Count IV - Fourteenth Amendment Due Process Violations

The Defendants argue that Plaintiff's Complaint is devoid of any allegations that demonstrate a deprivation of a protected interest or any allegations concerning the process, or lack thereof, afforded by any Defendant. The Defendants assert that Plaintiff's allegations appear to relate in some fashion to Plaintiff's liquor license, although Plaintiff has not actually alleged whether he ever had a liquor license in the first place, or if his liquor license was subject to some adverse action. The Defendants further assert that Plaintiff does not allege that Defendant Patton has any authority over liquor licenses and appears to imply the opposite, as Plaintiff allege that Defendant Patton communicated with some unnamed "licensing authorities." The Defendant argue

that Plaintiff does not allege what action, if any, the "licensing authorities" took with respect to his liquor license, nor does he allege what process he was afforded.

The Plaintiff argues the Complaint alleges that Defendant Patton fabricated evidence, withheld exculpatory material, and interfered with Plaintiff's liquor license, thereby depriving Plaintiff of a protected property interest without due process. The Plaintiff asserts that fabrication of evidence and suppression of exculpatory information independently supports a due process violation, and interference with a business license implicates a recognized property interest. Lastly, the Plaintiff states that the Defendants' demand for additional specificity improperly seeks evidentiary detail not required at the pleading stage.

Neither the Plaintiff's Complaint or the parties' briefing indicates whether the Plaintiff is attempting to allege a procedural due process claim or a substantive due process claim. Therefore, the Court will review Count IV - Fourteenth Amendment Due Process Violations under each standard.

### i. Procedural Due Process

Procedural due process safeguards against deprivations of "life, liberty, or property without sufficient process." *Ivanovich v. City of Union, Missouri*, No. 4:22-CV-01011-SPM, 2023 WL 5672171, at \*4 (E.D. Mo. Sept. 1, 2023) (quoting *In re Kemp*, 894 F.3d 900, 908 (8th Cir. 2018)). To establish a claim for violation of procedural due process, the Plaintiff must show: (1) that they had a life, liberty, or property interest protected by the Due Process Clause; (2) that they were deprived of this protected interest; and (3) that the state did not afford them adequate procedural rights prior to depriving them of the property interest. *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 995, 976 (8th Cir. 2015). Under Missouri law, a licensed entity may have a property interest in an existing valid license, which may not "be impaired, suspended, or revoked" without due

9

process. *Austell v. Sprenger*, 690 F.3d 929, 935 (8th Cir. 2012) (quoting *Mo. Real Estate Comm'n v. Rayford*, 307 S.W.3d 686, 692 (Mo.App.2010); *see also ARO Sys. v. Supervisor of Liquor Control*, 684 S.W.2d 504, 507 (Mo. App. 1984) (recognizing sanctions impairing the licensed entity's use of a valid liquor license implicate due process protections).

Taking the allegations as true for the purpose of a motion to dismiss, the Plaintiff has failed to state a claim upon which relief can be granted as to Count IV - Fourteenth Amendment Due Process Violation - Procedural Due Process. Specifically, the Plaintiff fails to allege any facts that would show that the state did not afford him adequate procedural rights prior to suspending his liquor license. In Missouri, the Missouri Division of Alcohol and Tobacco Control is the sole state agency with the authority to issue, suspend, and revoke liquor licenses. *See generally* Mo. Rev. Stat. Ch. 311. Defendant Patton does not have the authority to suspend or revoke liquor licenses. The Plaintiff has failed to name in the lawsuit the party that had the responsibility to afford Plaintiff the adequate procedural right regarding the suspension of his liquor license. For these reasons, The Defendants' Motion to Dismiss Count IV - Fourteenth Amendment Due Process Violation based on procedural due process is **GRANTED**.

### ii. Substantive Due Process

Substantive due process wards off deprivations resulting from government intrusion into rights through irrational government action. *Ivanovich v. City of Union, Missouri*, No. 4:22-CV-01011-SPM, 2023 WL 5672171, at *5 (E.D. Mo. Sept. 1, 2023); *see also Pietsch v. Ward Cnty.*, 446 F. Supp. 3d 513, 534 (D.N.D. 2020), *aff'd*, 991 F.3d 907 (8th Cir. 2021). To establish a substantive due process claim, "Plaintiff[] must show (1) [he] had a property interest to which the Fourteenth Amendment's due process protection applies, and (2) [he was] deprived of that right

10

or interest as a result of "truly irrational governmental actions." *See Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992).

Taking the allegations as true for the purposes of a motion to dismiss, the Plaintiff has raised a right to relief above a speculative level as to Count IV - Fourteenth Amendment Due Process Violation - Substantive Due Process. The Plaintiff alleges that:

> Officers fabricated reports claiming Plaintiff assaulted Lusk without justification. Detective Patton rewrote the probable cause affidavit, added false statements, swore to unverified facts, and failed to review body camera footage. Detective Patton contacted licensing authorities, leading to suspension of Plaintiff's liquor license.

(Complaint ¶¶ 13-15). As stated above, a valid liquor license implicates due process protections. Additionally, the Plaintiff has pleaded that he was deprived of his liquor license due to Defendant Patton contact with licensing authorities after rewriting the probable cause affidavit, adding false statements, swearing to unverified facts and failing to review body camera footage. Taking these allegations as true for the purpose of a motion to dismiss, the Plaintiff has raised a right to relief above a speculative level. For the reasons stated, the Defendants' Motion to Dismiss Count IV - Fourteenth Amendment Due Process Violations - Substantive Due Process is **DENIED**.

### C.    Count V - *Monell* Liability

The Defendants argue that Plaintiff has failed to allege a pattern or practice of behavior by the City of Springfield sufficient to establish *Monell* liability. The Defendants assert that Plaintiff allege, in conclusory fashion, that "[t]he City had notice—through prior incidents, complaints, or patterns—of unconstitutional use of force, fabrication of reports, and improper probable-cause practices, yet failed to take corrective action." (Complaint ¶ 50). The Defendants further state that Plaintiff alleges no specific instances of any such prior incidents, complaints, or patterns. The Defendants argue that the lack of specific allegations in Plaintiff's Complaint makes it impossible

11

for Defendant City of Springfield to investigate Plaintiff's allegations or mount a defense. The Defendants thus argue that the Complaint provides no notice of the specific conduct that Plaintiff alleges gives rise to liability.

The Plaintiff argues that the Complaint alleges that the Defendant City of Springfield had notice, through prior incidents, complaints, and patterns of unconstitutional conduct by its officers, including excessive force and fabrication of reports, and that it failed to take corrective action. The Plaintiff further argues that the Complaint alleges that this deliberate indifference was the moving force behind Plaintiff's injuries. The Plaintiff states that these allegations are sufficient to state a claim for municipal liability.

"A municipality can be liable under § 1983 if an 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Bernini v. City of St. Paul*, 665 F.3d 997, 1007 (8th Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978)). Specifically, "[§] 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, ... (2) an unofficial custom, ... or (3) a deliberately indifferent failure to train or supervise[.]" *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (internal quotation marks and citations omitted). The Plaintiff "must prove that a municipal policy or custom was the 'moving force [behind] the constitutional violation.'" *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018).

To survive a motion to dismiss on a *Monell* claim the Plaintiff "must allege facts which would support the existence of an unconstitutional policy or custom." *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 954 (8th Cir. 2024) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). Dismissal is proper when a complaint does not contain

12

any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of … resulted from an unconstitutional policy or custom …." *Id.*

Taking the allegations as true for the purposes of a motion to dismiss, the Plaintiff has raised a right to relief above a speculative level as to Count V - *Monell* Liability against the Defendant City of Springfield, Missouri. Plaintiff's Complaint alleges:

> Plaintiff states that the City is liable under *Monell*. Officers acting under color of law violated Plaintiff's constitutional rights as alleged in Counts I-IV. These violations were caused by an official policy, an unofficial custom, or a deliberately indifferent failure to train, supervise, discipline, or control SPD officers. The City had notice—through prior incidents, complaints, or patterns —of unconstitutional use of force, fabrication of reports, and improper probable-cause practices, yet failed to take corrective action. The City's deliberate indifference amounted to a municipal policy actionable under § 1983. The municipal failures were the moving force behind Plaintiff's injuries.

(Complaint ¶¶ 47-52). The Plaintiff has pleaded that officers acting under color of law violated Plaintiff's constitutional rights and were caused by an official policy, an unofficial custom, or a deliberately indifferent failure to train. Plaintiff has also pleaded the City had notice yet failed to take corrective action. While the Complaint lacks detail regarding what notice, or what policy, custom, or deliberately indifferent failure to train led to the alleged constitutional violation, this is sufficient to proceed past the motion to dismiss stage. However, in order to ultimately succeed on this claim, the Plaintiff will need to show actual evidence that there was either an official policy, unofficial custom, or deliberately indifferent failure to train and that the City had notice of this prior to the interaction with Plaintiff. For the reasons stated, the Defendants' Motion to Dismiss Count V - *Monell* Liability against Defendant City of Springfield, Missouri is **DENIED**.

## IV. Official Immunity

13

The Defendants argue that official immunity bars Plaintiff's claims against the Defendants in their individual capacities.[3] The Defendants state that none of the allegations Plaintiff has raised can be considered clerical or ministerial. The Defendants also assert that Plaintiff has failed to plead specific facts demonstrating that any Defendant acted with malice. In support, the Defendants argue that the Plaintiff has pled in conclusory fashion that evidence was fabricated but contains no specific allegations regarding what evidence was fabricated. The Plaintiff argues that the Complaint alleges that Defendants fabricated evidence, knowingly initiated baseless charges, and acted with malice and reckless disregard for Plaintiff's rights. The Plaintiff asserts that such allegations, taken as true, fall squarely within the bad faith and malice exception to official immunity.

Under Missouri law, official immunity "protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *State ex rel. Love v. Cunningham*, 689 S.W.3d 489, 494–95 (Mo. 2024) (quoting *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. 2019) (en banc)). This immunity protects "individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties" by allowing the officials "to make judgments affecting the public safety and welfare without the fear of personal liability." *Id.* at 495 (first quoting *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008) (en banc); and then quoting *Alsup*, 588 S.W.3d at 190). Immunity means "not only immunity from judgment but also immunity from suit." *Id.* (quoting *State ex rel. Morales v. Alessi*, 679 S.W.3d 467, 471 (Mo. 2023) (en banc)). Thus, courts "must be cautious not to construe [official immunity]

---

[3] Official immunity is a Missouri common-law doctrine protecting public employees from liability for discretionary acts. As a state-law doctrine it is not a defense against federal claims and thus the Court will evaluate the Defendant's official immunity argument as it applies to the state law claims in this case. See Southers v. City of Farmington, 263 S.W.3d 603, 611 (Mo. 2008) (en banc).

14

too narrowly lest they frustrate the need for relieving public servants of the threat of burdensome litigation." *Id.* (quoting *Alsup*, 588 S.W.3d at 191). There are two narrow exceptions to Missouri's Official immunity: (1) when the official fails to perform a ministerial duty required by law, and (2) when the official acts in bad faith or with malice. *Id*. (citing Alsup, 588 S.W.3d at 190).

Taking the allegations as true for the purposes of a motion to dismiss, Defendants Lee, Thorn, Taylor, Patton, and Williams are entitled to official immunity for Counts VI - Assault and Battery (Missouri Law); Count VII - False Imprisonment (Missouri Law); and Count IX - Intentional Infliction of Emotional Distress. Here, Plaintiff alleges in relevant part:

> On February 26, 2022, patron Daniel Lusk became aggressive and charged Plaintiff; Plaintiff struck Lusk in lawful self-defense. A companion of Lusk attempted to attack Plaintiff with a cue ball; however, staff intervened. SPD officers arrived but did not investigate; instead, they punched, kneed, and tased Plaintiff. Plaintiff was restrained and arrested despite posing no threat and committing no crime. Officers fabricated reports claiming Plaintiff assaulted Lusk without justification. Detective Patton rewrote the probable cause affidavit, added false statements, swore to unverified facts, and failed to review body camera footage. Detective Patton contacted licensing authorities, leading to suspension of Plaintiff's liquor license. Plaintiff suffered physical injury, emotional distress, reputational and financial harm. The criminal charges were ultimately dismissed for lack of probable cause.

(Complaint ¶¶ 9-17). There is no question that the facts alleged by Plaintiff would show that the SPD officers were acting in a discretionary capacity rather than a ministerial one when responding to the altercation between Plaintiff and nonparty Lusk. The question then becomes whether the allegations in Plaintiff's Complaint arise to one where the Defendants were acting with in bad faith or with malice. Plaintiff alleges that there was a multi-person altercation involving himself, Mr. Lusk and "staff". The Court cannot say that Defendants intervening, even assuming as true they did not investigate, that Defendants actions rose to the level of bad faith or malice to Plaintiff. For that reason, Defendants' Motion to Dismiss Counts VI - Assault and Battery; Count VII - False Imprisonment; and Count IX - Intentional Infliction of Emotional Distress as to Defendants Lee,

15

Thorn, Taylor, Patton, and Williams in their individual capacities based on official immunity is **GRANTED**.

However, Plaintiff has pleaded that "officers fabricated reports claiming Plaintiff assaulted Lusk without justification and that Detective Patton rewrote the probable cause affidavit, added false statements, swore to unverified facts, and failed to review body camera footage. (Complaint ¶¶ 13-14). Taking these allegations as true, this is enough to show bad faith or malice in an official act. To that extent, Defendants' Motion to Dismiss Count VIII - Malicious Prosecution (Missouri Law) as to Defendants Lee, Thorn, Taylor, Patton, and Williams in their individual capacities based on official immunity is **DENIED**.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Dismiss Counts VI, VII, VIII and IX based on sovereign immunity as to Defendant City of Springfield, Missouri and Defendants Lee, Thorn, Taylor, Patton and Williams in their official capacity is **GRANTED**. the Defendants' Motion to Dismiss Counts I, II, VI, VII, VIII, and IX of Plaintiff's Complaint based of personal involvement is **DENIED**. The Defendants' Motion to Dismiss Count III - Malicious Prosecution is **DENIED**. The Defendants' Motion to Dismiss Count IV - Fourteenth Amendment Due Process Violation based on procedural due process is **GRANTED** and **DENIED** as to substantive due process. The Defendants' Motion to Dismiss Count V - *Monell* Liability against Defendant City of Springfield, Missouri is **DENIED**. Defendants' Motion to Dismiss Counts VI - Assault and Battery; Count VII - False Imprisonment; and Count IX - Intentional Infliction of Emotional Distress as to Defendants Lee, Thorn, Taylor, Patton, and Willaims in their individual capacities based on official immunity it is **GRANTED** and **DENIED** as to Count VIII - Malicious Prosecution under Missouri law.

16

**IT IS SO ORDERED.**

DATED:  June 9, 2026

    */s/ Douglas Harpool*           

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

17